Nor is the Court's exclusive jurisdiction over the property of the Commonwealth as a Title III debtor preclusive of remand or abstention. Suffice it to say that the Objectors' property-based exclusive jurisdiction argument would nullify the remand and abstention provisions of PROMESA and of the federal Bankruptcy Code entirely, since both statutes provide that the Court has exclusive jurisdiction of the property of the debtor or of the estate, as applicable.
Objectors' Further PROMESA Section 7 Arguments
The Corporación asserts that Section 7 of PROMESA requires this Court to hear the Removed Claims. In the Omnibus Objection, as noted above, Plaintiffs argue that this Court's abstention from hearing the Removed Claims would render PROMESA Section 7 a "nullity." Neither of the Objectors has demonstrated that this Court's remand of, and abstention from hearing, the Removed Claims would be at all inconsistent with the provisions of PROMESA Section 7.
First of all, notwithstanding the references to Section 7 in Plaintiffs' Notice of Removal, no pleading in the State Court Action invokes Section 7 of PROMESA. The underlying actions were commenced more than ten years ago, and assert claims under federal laws relating to Medicaid and federal health care programs. An argument that Section 7 precludes discharge in the Title III proceeding of the types of claims that have been asserted in the State Court Action is asserted in a separate adversary proceeding in this Court, but forms no part of the Removed Claims. Secondly, as explained above, Section 7 provides interpretive direction only. It does not purport to confer new rights or create any cause of action, and its provisions are not hindered or nullified by the continuation of proceedings that were commenced to determine and quantify any retroactive financial obligations of the Commonwealth in connection with the federal statutory provisions under which the Removed Claims were brought. Finally, the Commonwealth has not argued, nor does a remand or abstention decision entail a finding, that PROMESA relieves the Commonwealth of the obligation to pay any judgment resulting from the Removed Claims. The Court therefore concludes that abstention is not inconsistent with Section 7.
Abstention Factors
The Objectors, proceeding from their reasoning that PROMESA Section 309 is rendered inoperative by PROMESA Section 7, argue that the Court may only properly consider non-PROMESA-based abstention doctrines. As explained above, *675 PROMESA Sections 306 and 309 remain operative with respect to the Removed Claims. Thus, the Court may remand the Removed Claims "on any equitable ground" pursuant to PROMESA Section 306(d)(2). 48 U.S.C.A. § 2166(d)(2) (West 2017). PROMESA Section 309 authorizes the Court to abstain from adjudicating the Removed Claims if it determines that abstention is in the interests of justice, providing that "[n]othing in this [title] prevents a district court in the interests of justice from abstaining from hearing a particular proceeding arising in or related to a case under this title." Id. § 2169. The language of Section 306(d)(2) is substantially similar to that of 28 U.S.C. § 1452, and the language of Section 309 tracks the language of 28 U.S.C. § 1334(c)(1). Those Sections of Title 28 govern removal and abstention in matters pertaining to cases under the federal Bankruptcy Code, and Judge Dein appropriately applied the standards governing abstention in bankruptcy cases in interpreting and applying the parallel provisions of PROMESA. The Court, having reviewed the Objections and the Report thoroughly under the de novo standard, adopts section III.B. of the Report.
To Judge Dein's fine and thorough analysis the Court adds the following, in light of the Objections. The federal nature of the claims under the health-related laws is not at all unimportant. It does not, however, outweigh other factors warranting abstention. The Court notes in this connection that the State Court has jurisdiction of the Removed Claims and is competent to adjudicate those claims, as it has been since the cases underlying the State Court Action were originally filed. The State Court has, as the Report notes, familiarity with the legal context and with the Spanish-language proceedings that have been under way for over a decade. This competence and familiarity, as well as the complexity of the proceedings, weigh in favor of abstention, particularly given the breadth and complexity of the debt adjustment aspects of the Title III proceedings that are before this Court and the relatively limited resources of this Court, in which a single district judge presides over all of the jointly administered Title III cases of Puerto Rico and its instrumentalities as required by PROMESA. Under these circumstances, recommitting the Removed Claims to a court of competent jurisdiction for the finalization of determinations of the scope and economic specifics of any liability of the Commonwealth is in the interests of justice and of the expeditious administration of the Title III cases.
CONCLUSION
For the foregoing reasons, the Court adopts Judge Dein's thorough and well-reasoned Report in its entirety and the Objections are overruled.
The Commonwealth's Motion for Abstention is granted and the Clerk of Court is respectfully directed to effectuate the remand promptly. The automatic stay imposed by 11 U.S.C. Section 362(a) as made applicable to these PROMESA Title III proceedings by Section 301 of PROMESA is lifted to the extent necessary to permit the State Court Action and related appeals to proceed through the entry, but not the execution or enforcement, of final judgment.
This Order resolves Docket Entry Nos. 29, 55, 58, and 60 in Case No. 17-AP-00227.
SO ORDERED.
REPORT AND RECOMMENDATION ON THE COMMONWEALTH OF PUERTO RICO'S MOTION FOR ABSTENTION
Judith Gail Dein, United States Magistrate Judge
In re: THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO, as representative of *676 THE COMMONWEALTH OF PUERTO RICO, Debtors.[1]
ASOCIACIÓN DE SALUD PRIMARIA DE PUERTO RICO, INC. et al., Plaintiffs,
-v-
COMMONWEALTH OF PUERTO RICO, et al., Defendants.
I. INTRODUCTION
The plaintiffs are not-for-profit federally-qualified health centers that receive Medicaid funds for services they provide. Under the Medicaid statutory scheme, the Commonwealth of Puerto Rico (the "Commonwealth") is obligated to make supplemental payments, known as "wraparound payments" or "WAPs" to the health centers. In 2002, the plaintiffs brought suit against the Commonwealth for retroactive unpaid WAPs in the Puerto Rico Court of First Instance, San Juan Part (the "State Court"). That suit is Asociacion de Salud Primaria de Puerto Rico, Inc., et al. v. Estado Libre Asociado de Puerto Rico, et al., Civil No. KPEO2-1037 (the "State Court Action"). The State Court Action has continued over the years, resulting in various partial rulings in favor of the plaintiffs.
On August 2, 2017, the plaintiffs commenced the instant adversary proceeding by removing substantially all of the State Court Action to this Court under 48 U.S.C. § 2166(d)(1) (the "Removed Claims").[2] Plaintiffs contend that the Removed Claims relate to the Commonwealth's filing under Title III of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA") - a case over which this Court has jurisdiction. The plaintiffs contend that this Court is now the correct forum for their case.
This matter is currently before this Court on the Commonwealth of Puerto Rico's Motion for Abstention (Dkt. No. 29) (the "Abstention Motion"). By this motion, the Commonwealth has asked this Court to abstain from hearing this adversary proceeding and to remand the Removed Claims to the State Court. The Commonwealth has agreed to modify the automatic stay for this purpose. The plaintiffs oppose the Abstention Motion and argue that this Court lacks authority to abstain and should proceed with the adversary proceeding.
For all the reasons detailed herein, this Court concludes that PROMESA grants the Court the power to abstain, and that abstention is warranted. Judicial economy, the efficient administration of the Commonwealth's estate, a lack of prejudice to the plaintiffs, the public policy against forum shopping, and the potential burden on the Title III docket require that the *677 PROMESA Court abstain from hearing this adversary proceeding. This Court hereby recommends to the District Judge to whom this proceeding is assigned that the Abstention Motion be ALLOWED and that this adversary proceeding be remanded to the State Court. This Court further recommends that the stay be lifted so as to allow the State Court Action to proceed to judgment, but that the stay be maintained with respect to the execution or enforcement of any such judgment in the State Court.
II. STATEMENT OF FACTS
Background
The plaintiffs are not-for-profit health centers that operate throughout the Commonwealth and are qualified by the federal government to provide medical services to underserved populations. Am. Compl., Dkt. No. 1-4 ¶ 8; Notice of Removal, Dkt. No. 1 ¶¶ 1-2. As part of that service, they provide healthcare to Medicaid beneficiaries. Am. Compl. ¶ 8. The plaintiffs receive funding from two separate federal sources - Medicaid funds and also grant funds under Section 330 of the Public Health Service Act, 42 U.S.C. § 254(b) ("Section 330"). See Notice of Removal ¶¶ 7-8. The Medicaid funds portion is meant to flow through the Commonwealth to the centers since states and territories are required under federal law to reimburse federally qualified health centers for such services by making wraparound payments. Am. Compl. ¶ 10.
In 2000, an amendment to the Social Security Act, now codified at 42 U.S.C. § 1396a (bb), changed the way the annual Medicaid payments from the Commonwealth to the centers were to be calculated. Am. Compl. ¶ 13. The plaintiffs claim that the Commonwealth failed to make the required Medicaid payments, both from 1997 to 2000 and after the amendment from 2001 until 2006. See Special Commissioner Report, Dkt. No. 39-1 at 7-8 (splitting the analysis for payments into two time periods). As a result, the plaintiffs claim that they "were forced to use their Section 330 grant funds to pay for Medicaid services provided to residents of the Commonwealth." Notice of Removal ¶ 21. The plaintiffs seek a mandamus compelling the Commonwealth to comply with its obligations and to provide retroactive payments to the health centers for Medicaid funding for the years 1997 through 2006. Am. Compl. ¶¶ 32, 36.
The State Court Action
The plaintiffs commenced the State Court Action seeking these retroactive payments in 2002. See Asociacion de Salud Primaria de Puerto Rico, Inc., et al. v. Estado Libre Asociado de Puerto Rico, et al., Civil No. KPEO2-1037. The plaintiffs contend that the reason the case was brought in State Court was that the Eleventh Amendment precluded the Commonwealth from being sued for retroactive relief in federal court. Plaintiffs' Opposition at 8. While the parties disagree as to how far along the State Court Action has progressed, it is undisputed that there have been significant findings made in favor of the plaintiffs. See Abstention Motion ¶ 4; Plaintiffs' Opposition at 11. The litigation has led to three separate appeals, which are currently consolidated before the Puerto Rico Court of Appeals. See Asociacion de Salud Primaria de Puerto Rico, Inc., et al. v. Estado Libre Asociado de Puerto Rico, et al., 2017 PR App. LEXIS 2358 (P.R. Cir. June 30, 2017). The litigation in the State Court and in the Puerto Rico Court of Appeals is stayed due to the Commonwealth's Title III filing under PROMESA. Notice of Removal ¶ 23. The plaintiffs have not sought relief from the PROMESA stay. Rather, they argue that the stay is inapplicable. See Plaintiff CSI's Opposition, Dkt. No. 38 ¶ 3. The Commonwealth has agreed to lift the stay to proceed *678 to judgment, but to maintain the stay with respect to the execution or enforcement of any such judgment in the State Court. Abstention Motion ¶ 10.
The Federal Court Action
In 2003, three Puerto Rican health centers not parties to the State Court Action filed a lawsuit against the Secretary of the Department of Health of the Commonwealth in the United States District Court for the District of Puerto Rico. Rio Grande Cmty. Health Ctr., Inc., et al. v. Commonwealth of Puerto Rico, et al., D.P.R. Case No. 03-1640 (GAG); see Status Report, Dkt. No. 35 at 5. The complaint sought prospective injunctive relief requiring the Commonwealth to comply with the Medicaid Act. Similar suits were filed by other health centers, including the plaintiffs hereto, in 2006. The cases were eventually consolidated before Judge Gelpi, with the lead case being the Rio Grande Cmty. Health Ctr., Inc. case.[3] Soon after the case was filed, Judge Gelpi issued a preliminary injunction requiring the Secretary to make an interim Medicaid reimbursement payment. The Secretary appealed, arguing not only that the injunctive relief was inappropriate, but also that the Federal Court should have abstained under Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) due to pendency of the State Court Action. The First Circuit ruled that abstention was not warranted. Rio Grande Cmty. Health Ctr., Inc. v. Rullan, 397 F.3d 56 (1st Cir. 2005) (hereinafter " Rullan"). The significance of this decision to the instant case, as discussed infra , is disputed by the parties.
The Federal Court action has been actively proceeding. For the claims from 2006 to 2010, Judge Gelpi ruled in 2010 that retroactive relief was barred in federal court by the Eleventh Amendment, as the Commonwealth had not agreed to be sued in federal court. See Consejo de Salud Playa de Ponce, et al. v. Sec'y of Health of the Commonwealth of P.R., Case No. 06-cv-01260-GAG (consolidated into Rio Grande ), Order and Preliminary Injunction, Dkt. No. 743 at 2. Simultaneously, however, Judge Gelpi entered a preliminary injunction requiring on-going prospective relief for the claims from 2010 onward. Id.; see e.g. Rio Grande, D.P.R. Case No. 03-1640 (GAG), Dkt. Nos. 1090, 1092. The plaintiffs in this case, in their capacity as plaintiffs in Rio Grande, along with other health centers, have filed appeals in the First Circuit related to the calculations used for Judge Gelpi's ordered relief. The First Circuit recently ordered the parties to those appeals to show cause as to whether the PROMESA stay applied to those proceedings. On March 1, 2018, the First Circuit ordered that "[i]n light of the responses to [the First Circuit's] orders to show cause whether the PROMESA automatic stay applies to these appeals; and in light of the broad consensus that the wraparound payment litigation should proceed notwithstanding any stay; these appeals shall be held in abeyance pending further proceedings in the Commonwealth of Puerto Rico's Title III case for the protective lifting of the automatic stay (to the extent that it applies)." Atlantic Medical Ctr., Inc. et. al. v. Rio Grande Cmty. Health Ctr., Inc. et. al. First Circuit No. 17-1812, Document 00117261571 (March 1, 2018). As of this date, no party has moved to have the automatic stay, to the extent that it applies, lifted.
Commencement of the Adversary Proceeding
On August 2, 2017, the plaintiffs filed the Notice of Removal commencing this *679 adversary proceeding. Dkt. No. 1. On November 14, 2017, the Commonwealth filed the Abstention Motion. Dkt. No. 29. Around that same time, the plaintiffs in Rio Grande filed two motions before Judge Gelpi that are relevant to this adversary proceeding. First, they filed Plaintiffs' Motion for Assumption of Jurisdiction over Prior "Special Master Period" and for Meeting in Chambers Regarding Said Motion and Memorandum in Support . Rio Grande, 03-1640 (GAG), Dkt. No. 1065. Therein, the Rio Grande plaintiffs asked Judge Gelpi to assume jurisdiction over the period from 2006-2010, which he previously had ruled was barred by the Eleventh Amendment. It is the plaintiffs' contention that by filing the Title III petition, the Commonwealth waived its Eleventh Amendment immunity. Second, on December 5, 2017, the plaintiffs in Rio Grande filed Plaintiffs' Motion to Transfer and Consolidate and Memorandum in Support . Id., Dkt. No. 1067. Therein, they sought to have the Removed Claims consolidated with the claims for prospective relief that were pending before Judge Gelpi. Judge Gelpi denied both motions on December 20, 2017. Id., Dkt. Nos. 1080, 1081. The denial of the motion for assumption of jurisdiction has been appealed to the First Circuit. Id., Dkt. No. 1086. That appeal has also been held in abeyance pending further proceedings in this Court related to the lifting of the automatic stay. Atlantic Medical Ctr., Inc. et. al. v. Neomed Ctr. Inc. et. al. First Circuit No. 18-1083, Document 00117261571 (March 1, 2018).
On January 8, 2018, this Court ordered additional briefing in light of Judge Gelpi's decisions and informed the parties that the Court would thereafter take the Abstention Motion on submission if appropriate. Dkt. No. 46. The parties have submitted the requested supplemental briefing and the Abstention Motion is now ripe for decision. See Dkt. Nos. 47, 48, 50, 51, 52. The plaintiffs requested that this Court wait to decide the Abstention Motion until the First Circuit entered a ruling related to the applicability of the PROMESA stay to the appeals from Judge Gelpi's ordered relief on prospective payments. See Dkt. No. 47 at 3 ("There is the distinct possibility that the First Circuit will issue a determination that will be relevant to this Court's decision on the [Abstention Motion]."). As noted above, the First Circuit has now entered an order holding the relevant appeals in abeyance pending the lifting of the stay in this Court. In doing so, the First Circuit acknowledged the "broad consensus that the wraparound payment litigation should proceed notwithstanding any stay[.]" Atlantic Medical Ctr., Inc. et. al., First Circuit No. 17-1812, Document 00117261571. After careful consideration of the issues pending in the First Circuit, this Court has determined that the issue of abstention in this adversary proceeding is ripe for resolution. The questions raised by this Motion, in particular whether the PROMESA Court has the authority to remand this action to the State Court, along with an evaluation of the factors relevant to the abstention decision, are not before the First Circuit. Therefore, this Court now addresses the merits of the Abstention Motion.
III. DISCUSSION
A. This Court Has Authority to Abstain Under PROMESA
The Commonwealth moves for abstention under PROMESA §§ 306(d)(2) and 309 (codified at 48 U.S.C. § 2166(d)(2) and 48 U.S.C. § 2169 respectively). PROMESA § 306(d)(2) permits the Court to remand a removed case as long as this Court does not have exclusive jurisdiction over the claims therein ("[t]he district court to which the claim or cause of action is removed ... may remand the claim or *680 cause of action on any equitable ground.") (emphasis added). See also PROMESA § 306(a) (conferring exclusive and not exclusive jurisdiction over certain proceedings). PROMESA § 309 confirms that ability by providing that "[n]othing in this title prevents a district court in the interests of justice from abstaining from hearing a particular proceeding arising in or related to a case under this title." (emphasis added). Plaintiffs, however, argue that these provisions do not apply to the Removed Claims. They argue first that the PROMESA Court has exclusive jurisdiction over this adversary proceeding and second that PROMESA § 309 does not allow for abstention in the types of claims included in the Removed Claims. Neither argument is persuasive.
First, this Court does not have exclusive jurisdiction over the Removed Claims. PROMESA § 306 governs jurisdiction and gives this Court "original and exclusive jurisdiction of all cases under this title; and ... original but not exclusive jurisdiction of all civil proceedings arising under this title, or arising in or related to cases under this title." (emphasis added). The section of the U.S. Code governing judicial procedure for title 11 bankruptcy cases and proceedings, 28 U.S.C. § 1334, has language that is substantially similar to PROMESA § 306.[4] As such, the First Circuit's interpretation of 28 U.S.C. § 1334 is instructive. See Oscar Mayer & Co. et al. v. Evans, 441 U.S. 750, 756, 99 S.Ct. 2066, 2071, 60 L.Ed.2d 609 (1979) (holding that where statutes share a common purpose and matching language, one can conclude that Congress intended the construction of one to follow the other). The First Circuit has held that 28 U.S.C. § 1334"sets up two main categories of bankruptcy cases over which the district court has jurisdiction: 'cases under title 11,' over which the district court has original and exclusive jurisdiction ... and 'proceedings arising under title 11, or arising in or related to cases under title 11,' over which the district court has original, but not exclusive jurisdiction[.]" In re Middlesex PowerEquipment & Marine, Inc., 292 F.3d 61, 66 (1st Cir. 2002) (emphasis added). "A case under title 11 is the bankruptcy petition itself, such as a Chapter 11 reorganization." Id. In this case, that petition is analogous to the Commonwealth's Title III petition. As this adversary proceeding is not the Title III petition, and therefore is not a case "under" PROMESA, the Court has original but non-exclusive jurisdiction over the Removed Claims.
Second, PROMESA § 309 permits this Court to abstain from hearing the Removed Claims. PROMESA § 309 is substantially similar to 28 U.S.C. § 1334(c)(1), the provision of the U.S. Code that covers abstention in bankruptcy cases and proceedings. 28 U.S.C. § 1334(c)(1) allows a district court to abstain "in the interest of justice ... [from] a particular proceeding arising under title 11 or arising in or related to a case under title 11." (emphasis added). PROMESA § 309 has almost identical language, but omits the power to abstain from the category of cases "arising under" PROMESA.[5] Thus, PROMESA § 309 only permits this Court to abstain "from hearing a particular *681 proceeding arising in or related to a case under this title." (emphasis added). The plaintiffs claim that the Removed Claims "arise under" PROMESA and are therefore not within the scope of PROMESA § 309. This Court disagrees.
The First Circuit held in Gupta v. Quincy Medical Ctr. that cases "arise under" a statute when the statute "itself creates the cause of action." 858 F.3d 657, 662 (1st Cir. 2017). PROMESA created none of the Removed Claims. The plaintiffs argue that since their removal notice "asserted their removed claims were non-dischargeable under PROMESA[,]" the instant proceeding is one "arising under" PROMESA. Plaintiffs' Opposition at 13. As an initial matter, the issue of non-dischargeability is the subject of a separate adversary proceeding. See id. (plaintiffs have "filed a separate adversary proceeding seeking a declaratory judgment that their claims are non-dischargeable under PROMESA and that such claims may not be impaired in any manner ..."). Moreover, regardless whether the claims are non-dischargeable (about which this Court expresses no opinion), the Medicaid claims were not created by PROMESA and therefore they do not "arise under" PROMESA. The question of whether the claims are ultimately non-dischargeable in the Title III process is separate and apart from deciding the merits of the claims themselves. The issues which make up the merits of the Removed Claims, which are the only issues before the Court on this motion, did not arise under PROMESA.
The Removed Claims, however, are "related to" the Title III case. The First Circuit has held that "related to" encompasses those proceedings which "potentially have some effect on the bankruptcy estate, such as altering debtor's rights, liabilities, options, or freedom of action, or otherwise have an impact upon the handling and administration of the bankrupt estate." In re Middlesex, 292 F.3d at 68 (internal quotations and citations omitted). This definition fits the Removed Claims, which seek funds from the Commonwealth and could therefore have an impact on the estate. This proceeding is "related to" the Title III case and this Court has the power to abstain under PROMESA § 309.
B. Standard for Abstention
The Court now turns to establishing the standard for abstention under PROMESA. The plaintiffs argue that since abstention is not warranted under the frameworks set out by the Supreme Court in Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) (" Colorado River") and Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) (" Younger"), the Removed Claims should proceed before the PROMESA Court. Plaintiffs' Opposition at 7-9. Younger requires a federal court to abstain where the continuation of the federal action will either interfere with certain types of state proceedings or where abstention is necessary "in furtherance of the fundamental workings of a state's judicial system." See Rullan, 397 F.3d at 68-69. Colorado River sets out "exceptional circumstances" where a federal court should abstain in light of parallel federal and state proceedings despite the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." Id. at 60, 71 (internal quotations omitted). In Rullan, the First Circuit held that neither Younger nor Colorado River required the federal court (by Judge Gelpi) to abstain from deciding the Medicaid payment challenges despite the pending State Court Action. Id. at 70, 72. Plaintiffs argue that the same result should be reached here. However, Rullan is legally and factually distinct from the instant case. Abstention in the instant case is not appropriately analyzed under *682 Younger or Colorado River. Rather, the PROMESA standards apply.
Younger and Colorado River address the situation where there are parallel proceedings in state and federal court. That was the scenario presented in Rullan, namely whether the Federal Court Action should continue in light of the ongoing State Court Action. In the instant case, however, there is no question of parallel proceedings. Plaintiffs are seeking to have all the issues decided in federal court, with no state court action remaining.[6] Younger and Colorado River have no application here.
C. Abstention is Warranted Under PROMESA
As detailed above, PROMESA §§ 306 and 309 authorize this Court to abstain in certain circumstances. PROMESA §§ 306 and 309 are substantially similar to 28 U.S.C. § 1452 and 28 U.S.C. § 1334, provisions of the U.S. Code which govern district court removal and abstention, respectively, for bankruptcy cases. Courts evaluating abstention in bankruptcy cases under those provisions have established a set of factors to consider. Given the similarity in language, this Court applies the same standards.
PROMESA § 306(d)(2) tracks the language in 28 U.S.C. § 1452, which provides that, "[t]he court to which [a] claim or cause of action is removed may remand such claim or cause of action on any equitable ground." (emphasis added). Likewise, PROMESA § 309 mirrors the language in 28 U.S.C. § 1334(c)(1), which provides that "nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding ..." (emphasis added). While 28 U.S.C. §§ 1452 and 1334 are not expressly incorporated into PROMESA, the standards they create are instructive for this Court. See Oscar Mayer & Co. et al., 441 U.S. at 756, 99 S.Ct. 2066.
Courts have broad discretion to abstain from hearing a case under 28 U.S.C. § 1334(c)(1). In re Middlesex, 292 F.3d at 69. Courts in the District of Puerto Rico look to a set of twelve factors when making that decision. In re LM Waste Service Corp., 562 B.R. 845, 851 (Bankr. D.P.R. 2016). No one factor is dispositive. Id. The twelve factors are: (1) the effect on the efficient administration of the estate; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the unsettled nature of applicable law, (4) a related proceeding in state court; 5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334 ; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than form of an asserted core proceeding; 8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court to be enforced in bankruptcy court; (9) the burden on the bankruptcy docket; (10) the likelihood that the bankruptcy court proceeding involves forum shopping by one of the parties; (11) the right to jury trial; and (12) the presence of non-debtor parties. Id.
Likewise, District Courts look at a set of seven factors when deciding questions of remand under 28 U.S.C. § 1452. The seven are conceptually aligned with those identified above and are: (1) the effect of the action on the administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3)
*683 the difficulty of applicable state law; (4) comity; (5) the relatedness of the action to the bankruptcy case; (6) any jury trial right; and (7) prejudice to the non-moving party from removal. Estate of Scott v. Cervantes, No. 08-03293, 2008 WL 11337657 at *3-4 (C.D. Cal. July 29, 2008).
This Court draws from both sets of factors in evaluating abstention under PROMESA. For the reasons explained more fully below, this Court finds that abstention is warranted based on an analysis of the most relevant factors. Despite involving issues of federal law, the Removed Claims are only remotely related to the main Title III case, abstention promotes the efficient administration of the estate, the plaintiffs will not be prejudiced by remand, there is a likelihood that removal was an attempt to forum shop, and retaining jurisdiction of the Removed Claims would create an unnecessary burden on this Title III docket.
First, while federal issues predominate, this alone does not mandate retention of the proceeding. The Removed Claims seek a writ of mandamus against the Commonwealth and a declaratory judgment obligating retroactive Medicaid payments. Am. Compl. ¶¶ 32, 36. The resolution of those claims relies on the interpretation of federal statutes. However, while the predominance of federal law is a factor that weighs against abstention, it is not dispositive. In re Middlesex, 292 F.3d at 69 ("The scope of the bankruptcy court's sale order under the Code is an issue of federal law, and, as such, is a factor that weighed against abstention. However, the bankruptcy court also considered other factors which weighed in favor of abstention."). This is particularly true in the instant case where the State Court has been interpreting the federal law for more than a decade. Just as in In re Middlesex, this Court finds that other factors favoring abstention outweigh the presence of federal issues.
Second, abstention promotes the efficient administration of the estate. Where issues are far removed or peripheral, and do not involve issues central to the restructuring, abstention is warranted in bankruptcy cases. See In re Loewen Group Int'l, Inc., 344 B.R. 727, 730 (D. Del. 2006) ("... the instant matter deals only with a peripheral contract dispute. Resolution of that dispute may indirectly impact creditor recovery by potentially affecting the value of the securities issued under the plan. This does not, however, impact the efficient administration of the estate."). The Removed Claims relate to the plaintiffs' rights to Medicaid payments from the Commonwealth and are not central to the restructuring at issue in this Title III case. They do not involve issues requiring interpretation of PROMESA, nor are they directly related to the restructuring process. While it is true that a judgment against the Commonwealth could impact the estate - having those claims adjudicated in the State Court does not hinder the Title III restructuring process. In fact, the efficiency gained by retaining only those cases integral to this Title III process weighs heavily in favor of remanding the Removed Claims to the State Court.
Third, the plaintiffs are not prejudiced from this Court's decision. The State Court is capable of presiding over the Removed Claims and the Commonwealth has offered to modify the automatic stay such that the State Court Action can proceed to judgment. Through their supplemental briefing to this Court, the plaintiffs have belatedly raised the argument that the State Court lacks the authority to provide the plaintiffs complete relief. Plaintiffs' Supplemental Brief, Dkt. No. 47 at 4. The plaintiffs rely on Roman v. SLG Ruiz, 160 D.P.R. 116, 121 (P.R. 2003) in arguing that "under Puerto Rico law even when *684 public funds are available for payment no lien or attachment of public funds can be ordered to ensure compliance with judgment." Plaintiffs' Supplemental Brief at 4. As an initial matter, it is unclear that this principle is relevant here. Roman v. SLG Ruiz concerns the inability to garnish public funds. Roman, 160 DPR at 116 (as translated). The plaintiffs' use of that case seemingly overlooks the fact that "there are less onerous remedies that may be used by the State's creditor." Stump Corp. D/B/B Aluminum Construction Co. v. Superior Court of P.R. et. al., 99 D.P.R. 179, 183 (P.R. 1970) (as translated). More importantly, the litigation in the State Court on remand would only proceed to judgment; questions of execution and enforcement of any judgments would await further ruling by the PROMESA Court. Abstention Motion ¶ 10. Allowing the State Court to resume jurisdiction over the Removed Claims is not only possible, but the most efficient way forward.
Fourth, the plaintiffs' removal of the State Court Action is an apparent attempt at forum shopping. The plaintiffs have been litigating their claims in the State Court for over fifteen years. The plaintiffs now ask this Court to analyze the same set of facts. Moreover, this Court was not the plaintiffs' first choice. The plaintiffs originally filed this adversary proceeding in the PROMESA Court with the intention of consolidating this action with the Federal Court Action. Plaintiffs' Opposition at 12-13. Judge Gelpi has already denied that request. To the extent that the plaintiffs have removed their claims simply in order to progress in another forum, this weighs heavily in favor of abstention. See In re Encompass Servs. Corp., 337 B.R. 864, 879 (Bankr. S.D. Tex. 2006) (abstaining from hearing an adversary proceeding where there was an "overwhelming presence of indications that [the party] is trying to take the proverbial second bite at the apple.").
Finally, abstention will prevent a heavy burden on this Court's already busy docket. This case has been litigated, in Spanish, in the State Court for over fifteen years. For this Court to pick up the pen now would be no small task. Where the State Court has shown experience and competence with the handling of the Removed Claims, assumption by this Court in the eleventh hour would be irresponsible. Courts have decided accordingly in litigations that have made far less progress. See Estate of Scott v. Cervantes, 2008 WL 11337657 at *4 ("Failing to remand will require a new court to expend resources getting up to speed on an action that has been pending for over a year, a result that should be avoided."). The avoidance of unnecessary burden weighs in favor of abstention.
IV. CONCLUSION
For the reasons herein, this Court recommends to the District Judge to whom this case is assigned that the Commonwealth of Puerto Rico's Motion for Abstention (Dkt. No. 29) be ALLOWED and that this adversary proceeding be remanded to the Puerto Rico Court of First Instance, San Juan Part.[7] This Court recommends to *685 the District Judge that on remand the automatic stay be modified to allow this proceeding, including the related pending appeals, to proceed to judgment, but be maintained with respect to the execution or enforcement of any such judgments.
SO ORDERED.
DATED: April 2, 2018

The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

The plaintiffs removed only certain claims against the Commonwealth and assert that non-debtor parties named in the State Court Action are not relevant to the Removed Claims. See Plaintiffs' Opposition, Dkt. No. 39 at 13-14.

Unless otherwise indicated, the consolidated cases will be referred to as Rio Grande or the "Federal Court Action."

28 U.S.C. § 1334 reads "[t]he district courts shall have original and exclusive jurisdiction of all cases under title 11 ... [and] the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."

The analysis of cases "arising under" PROMESA for § 309 purposes is distinct from the analysis of those cases "under" PROMESA for § 306 purposes discussed supra . See Gupta v. Quincy Med. Ctr., 858 F.3d 657, 661 (1st Cir. 2017) (distinguishing between cases "under" title 11 and cases "arising under" title 11).

To the extent that plaintiffs removed only select claims from the State Court Action, they contend that the remaining claims are distinct. Therefore, they do not constitute a parallel proceeding.

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72 any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988) ; United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986) ; Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-605 (1st Cir. 1980) ; United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982) ; Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983) ; see also Thomas v. Arn, 474 U.S. 140, 153-54, 106 S.Ct. 466, 474, 88 L.Ed.2d 435 (1985). Accord Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 3-4 (1st Cir. 1999) ; Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994) ; Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998).