J. M. BLANCO, demandante y apelante *v.* IGNACIO CARBALLEIRA, JUEZ DE LA CORTE MUNICIPAL DE SAN JUAN, SECCIÓN SEGUNDA, demandado y apelado.

No. 5151.—*Sometido:* Mayo 20, 1930. *Resuelto:* Noviembre 14, 1930.

*Gabriel de la Haba Jr.,* y *J. M. Calderón Jr.,* abogados del apelante; *F. Prieto Azúar,* abogado del interventor.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

El acreedor en este caso hizo la tentativa de embargar parte del sueldo de un empleado del Gobierno. La corte municipal se negó a conceder el embargo. A virtud de una solicitud de *certiorari* interpuesta en la corte superior, ésta igualmente se negó a concederlo. En su opinión, el juez indicó, citando, entre otros, el caso de *Lamboglia* v. *Junta Escolar de Guayama,* 15 D.P.R. 318, y los casos que le siguieron, que la política de la ley había sido eximir los sueldos de los funcionarios y empleados del Gobierno no con el fin de favorecer a los deudores sino para asegurar un servicio eficiente y continuo al gobierno mismo. Puede acudirse a la opinión para su razonamiento y cita de autoridades. El auto de *certiorari* fué anulado.

En la apelación interpuesta contra este fallo, se arguye

que toda la cuestión está regida por uno o varios estatutos locales. Resulta que en marzo 10 de 1904 fué aprobado el Código de Enjuiciamiento Civil, el cual contiene la siguiente disposición en su artículo 249:

"Además del 'Homestead' declarado exento por la Ley del 'Homestead', las siguientes propiedades pertenecientes a una persona que en realidad resida en esta Isla, estarán asimismo exentas de ejecución, excepto en los casos en que, por la presente, se dispone especialmente lo contrario:

\*        \*        \*        \*        \*        \*        \*

"7. Lo que el deudor declarado tal en la sentencia gane por servicios personales prestados en cualquier tiempo, dentro de los treinta días anteriores al cumplimiento de la orden de ejecución o la práctica del embargo, cuando resulte por declaración escrita y jurada del deudor, o de otro modo, que dichos sueldos o salarios son necesarios para el sostenimiento de su familia, residente en esta Isla, mantenida en todo o en parte, con su trabajo; *Disponiéndose* que esta ley no autorizará el embargo de los derechos o sueldos de ningún funcionario o empleado público."

Este precepto fué enmendado por la Ley No. 32, de junio 3, 1919, así:

"Las tres cuartas partes de lo que el deudor, declarado tal en la sentencia, gane por servicios personales prestados en cualquier tiempo, dentro de los treinta días anteriores al cumplimiento de la orden de ejecución o la práctica del embargo, cuando resulte por declaración escrita y jurada del deudor, o de otro modo, que dichos sueldos o salarios son necesarios para el sostenimiento de su familia, residente en esta Isla, mantenida en todo o en parte con su trabajo."

El artículo 249 del Código de Enjuiciamiento Civil expone las exenciones a que un deudor tiene derecho. Originalmente, la Legislatura mencionaba una exención aplicable a los empleados del Gobierno. Posteriormente, esa mención específica fué suprimida. De esto no podría inferirse la intención de hacer que tales sueldos estén sujetos a embargo, a menos que fueren generalmente embargables a virtud de alguna disposición específica de la ley. Ningún estatuto de exención contiene tal autoridad positiva.

El artículo 246 del Código de Enjuiciamiento Civil hace que todos los bienes pertenecientes a un deudor estén sujetos a ejecución. Es de presumirse que este estatuto—la última expresión de la Legislatura—fué adoptado con la interpretación dádale por los tribunales de los Estados Unidos. El apelante encontró una excepción en el estado de Montana, *Waterbury* v. *Deer Lodge County*, 10 Mont. 515; pero el criterio prevaleciente es en sentido contrario, según demuestran las autoridades citadas por la corte inferior y por el apelado, fundándose en parte en nuestra propia jurisprudencia, *supra*.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Señor Texidor no intervino.