LINO PADRÓN RIVERA, peticionario, *v.* HON. RAFAEL CORDOVÉS ARANA, JUEZ DE LA CORTE DE DISTRITO DE SAN JUAN, demandado.

Núm. 1254.—*Sometido:* Julio 21, 1941. *Resuelto:* Julio 23, 1941.

*Cayetano Coll y Cuchí y Diego O. Marrero,* abogados del peticionario; *Edelmiro Martínez Rivera,* abogado del interventor, demandante en el pleito principal.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

El Pueblo de Puerto Rico, a instancia de Luis A. Castro, radicó un recurso de *quo warranto* en la corte inferior, contra Lino Padrón Rivera, alegando: que el querellante, Luis A. Castro, a virtud de nombramiento expedídole el 11 de septiembre de 1931, viene desempeñando el cargo de Secretario de la Capital con una compensación anual de $4,500; que el 21 de abril de 1941, sin que el querellante hubiera renunciado ni abandonado el referido cargo de Secretario de la Capital y sin que hubiese sido suspendido ni destituído de su empleo por el Administrador de la Capital, el querellado Lino Padrón prestó juramento de toma de posesión del indicado cargo y desde entonces lo viene desempeñando ilegalmente y contra la voluntad del querellante. Expone inmediatamente después las razones por las cuales, a su juicio, el querellado carece de título o derecho para desempeñar las funciones del cargo en controversia y termina la petición con la siguiente súplica:

"Por todo lo cual el querellante respetuosamente solicita se le admita la presente información de *quo warranto* y se investigue el título o derecho que alega tener el querellado Lino Padrón Rivera para ejercer las funciones del cargo de Secretario de la Capital, y que una vez oídos que sean el querellado y el querellante, se dicte un fallo que declare que el querellado Lino Padrón Rivera ha usurpado y ejerce ilegalmente las funciones correspondientes al cargo de Secretario de la Capital en el que deberá cesar inmediatamente, con cualquier otra providencia que el tribunal estime propia y adecuada, condenando además al querellado al pago de las costas, gastos y honorarios de abogado del querellante."

Posteriormente, el 15 de mayo último, el querellante radicó un escrito que tituló "Moción interesando orden prohibitiva", en el que luego de exponer que el Auditor y el Tesorero del Gobierno de la Capital, en el ejercicio de sus respectivas funciones, intentan autorizar y efectuar el pago al querellado Lino Padrón Rivera de la compensación asignada al Secretario de la Capital, con cargo a los fondos públicos en poder y bajo la custodia de dichos funcionarios, solicita que como medida provisional encaminada a impedir el desembolso indebido a favor del querellado de los fondos del Gobierno de la Capital en perjuicio del querellante, se dicte una orden bajo las disposiciones de la Ley para Asegurar la Efectividad de Sentencias, encaminada a impedir el pago al querellado de la compensación del cargo que desempeña de Secretario de la Capital, mientras y hasta tanto se resuelva en definitiva sobre su derecho o título al mismo. Después de oír a las partes, la corte inferior, por resolución del 19 del mes pasado, ordenó a Juan Carreras, en su carácter de Tesorero del Gobierno de la Capital, y a Rafael Cabrera, en el de Auditor del mismo gobierno, que se abstengan de efectuar pago alguno al querellado Lino Padrón Rivera por concepto del sueldo como Secretario de la Capital mientras se resuelve este litigio o hasta nueva orden del tribunal, previa prestación de fianza por parte del querellante para responder al querellado de los daños y perjuicios que puedan ocasionársele por consecuencia del aseguramiento.

Argumentando su resolución, el juez inferior se expresó así:

"No existiendo en nuestros estatutos disposición alguna similar al artículo 936 del Código Político de California, tal como regía en 1891, o tal como rige en la actualidad, que asegure al funcionario *de jure* el pago completo del sueldo inherente al cargo cuando el mismo le haya sido usurpado o que autorice el pago de dicho sueldo al incumbente que tenga la condición de funcionario *de facto,* creemos que es de justicia y de equidad adoptar alguna medida para proteger los derechos del querellante, que hasta ahora estamos obligados a considerar como el funcionario *de jure,* así como los derechos del Pueblo, tratando de evitar que el Gobierno de la Capital se vea luego obligado a pagar dos veces por un mismo cargo..."

Para revisar la predicha orden sobre aseguramiento de sentencia, interpuso Lino Padrón Rivera el presente recurso de *certiorari.* En la vista señalada al efecto, en la cual estuvieron representados el peticionario y el Sr. Castro como interventor, se informó oralmente y luego se presentaron extensos alegatos de una y otra parte sobre la procedencia de la orden de aseguramiento de sentencia en el caso de quo warranto. ■ A nuestro juicio la cuestión primordial y decisiva en este recurso es la siguiente: ¿puede embargarse el salario de un funcionario público? La regla en esta jurisdicción, así como en los Estados Unidos, es al efecto de que los sueldos de los empleados públicos están exentos de embargo. Esta regla está basada en una razón de orden público, cual es, que de permitirse tal embargo, se perjudicaría grandemente el gobierno que deba recibir los servicios de ese empleado, pues se presume que el empleado así privado de su sueldo no prestará sus servicios con la misma eficiencia que lo haría teniendo el estímulo de recibir a su debido tiempo la compensación de su trabajo.

En el caso de *Blanco* v. *Carballeira, Juez,* 41 D.P.R. 533, la corte municipal se negó a decretar el embargo del sueldo de un empleado del gobierno. A virtud de una solicitud de certiorari interpuesta en la corte de distrito, ésta también se

negó a concederlo. La resolución de la corte de distrito denegando el certiorari fué confirmada por este tribunal, por el fundamento de que tales sueldos no eran embargables de acuerdo con la ley.

A este efecto se dice en 22 R.C.L. 547, sección 247:

"EMBARGO DE LOS EMOLUMENTOS DE UN CARGO.—El sueldo de un funcionario del Estado en poder del oficial pagador del gobierno no está sujeto al pago de sus deudas mediante embargo (*garnishment*) ni pueden tales procedimientos ser instituídos contra una corporación municipal para embargar los salarios de sus funcionarios públicos. Esta restricción no depende necesariamente de estatutos a ese efecto, aunque la Ley Común frecuentemente está suplementada por disposiciones estatutarias eximiendo de embargo los salarios de funcionarios públicos. La verdadera razón de la regla que prohibe el embargo de los sueldos de funcionarios públicos está predicada en cuestiones de orden público. Las razones alegadas son que de permitirse el embargo, podría arruinar el servicio público; obligar al funcionario a abandonar el cargo; e impedirle ganarse la vida: todo ello en detrimento de los intereses y de la conveniencia públicos."

 Vamos a asumir, a los efectos del argumento, que no existe la prohibición de embargar el sueldo de un funcionario público. ¿Procedería tal embargo en el caso de quo warranto que nos ocupa?

El artículo 1°. de la Ley para Asegurar la Efectividad de Sentencias prescribe:

"Toda persona que demandare en juicio el cumplimiento de una obligación, podrá obtener una resolución del tribunal que conociere de la demanda, adoptando las medidas procedentes, según los casos, para asegurar la efectividad *de la sentencia que haya de dictarse en el caso de prosperar la acción ejercitada.*"

¿Cuál sería la sentencia que habría de dictarse en este caso si prosperase la acción ejercitada? Veamos lo que dice la súplica:

"...que se dicte un fallo que declare que el querellado Lino Padrón Rivera ha usurpado y ejerce ilegalmente las funciones correspondientes al cargo de Secretario de la Capital en el que deberá

cesar inmediatamente, *con cualquier otra providencia que el tribunal estime propia y adecuada,* condenando además al querellado al pago de las costas, gastos y honorarios del abogado del querellante.''

Ni de las alegaciones ni de la súplica de la solicitud de quo warranto aparece que el demandante solicite dentro de este procedimiento cantidad alguna por concepto de sueldos. Si se alegare que la frase ''con cualquier otra providencia que el tribunal estime propia y adecuada,'' debe entenderse como la petición de un pronunciamiento ordenando el pago o devolución de sueldos, a pesar de que el Gobierno de la Capital no es parte demandada, aun así, la corte no podría hacer tal pronunciamiento por no autorizarlo el artículo 6 de la Ley estableciendo el auto de Quo Warranto (art. 645, Código de Enjuiciamiento Civil, ed. 1933). Dicho precepto legal circunscribe la sentencia a despojar a la persona del cargo a que se refiere la petición, y a imponerle a discreción del tribunal, una multa y ''el pago de las costas de las actuaciones.'' El citado artículo 6 a que nos hemos referido, dice así:

''En caso que alguna persona o corporación contra quien se haya hecho la petición resultare culpable, la corte podrá dictar su fallo, *despojando la dicha persona* o corporación *del cargo* o franquicia *a que se refiere la petición, y podrá multar a dicha persona* o corporación *por la usurpación o desempeño ilegal de tal cargo,* o de dicha franquicia, *o su intrusión en él* o en ella, *y podrá también imponer al demandado el pago de las costas de las actuaciones. Disponiéndose,* que en lugar de sentencia de despojo de franquicia, la corte podrá multar a la persona o corporación que resultare culpable, en una suma que no excederá de cinco mil *dollars* por cada falta. *Y disponiéndose, además* que siempre que se dicte sentencia declarando que el demandado ha usurpado o ejerce ilegalmente las funciones de algún cargo público, dicho demandado deberá cesar inmediatamente en el desempeño de tal cargo, abandonando el mismo, y si dejare de hacerlo, la corte, a solicitud del *Attorney General,* y de cualquier otra persona con interés en el cargo, ordenará que se libre mandamiento de márshal, ordenándole proceder al lanzamiento del demandado.''

Como hemos visto, la Ley sobre Aseguramiento de Sentencias no autoriza a asegurar una que no pueda dictarse den-

tro del pleito. Una vez dictada la sentencia reconociendo al querellante el derecho al cargo en controversia, podrá él demandar en otra acción el pago de los sueldos a que tenga derecho, en caso de no serle pagados voluntariamente por el Gobierno de la Capital, y sería dentro de ese pleito donde él podría obtener una sentencia que ordenase el pago de los salarios adeudados.

Véase a este efecto 22 Ruling Case Law 719, sección 42.

El caso de *Hayward* v. *Long*, 114 A.L.R. 1130, en que tanto énfasis pone el querellante, no tiene aplicación al presente. En dicho caso el funcionario *de facto* que venía ocupando cierto cargo público era perturbado en el desempeño del mismo por otra persona que alegaba ser el funcionario *de jure* y quería lanzarlo del cargo. El funcionario de facto solicitó y obtuvo un auto de *injunction* contra el funcionario de jure, ordenándole que se abstuviere de perturbar al demandante en el desempeño de su cargo mientras él, el demandado, no obtuviese sentencia en un procedimiento en ley declarándole con derecho al cargo en controversia.

En el caso de *Hayward,* supra, no hubo embargo ni mucho menos embargo de sueldos.

A nuestro juicio, la resolución de la corte inferior que motiva este recurso infringe tanto la Ley para Asegurar la Efectividad de Sentencias como la que establece el recurso de quo warranto, que no autoriza el pronunciamiento que dicha corte se propuso asegurar.

*Procede, por lo expuesto, declarar con lugar la solicitud de* certiorari, *y consecuentemente anular la resolución dictada en este caso el día 19 de junio de 1941 motivo de este recurso, debiendo devolverse a la corte inferior los autos originales del citado pleito de* quo warranto *para ulteriores procedimiento no inconsistentes con esta opinión.*