STUMP CORPORATION D/B/B ALUMINUM CONSTRUCTION COMPANY, peticionaria, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, demandado; BUSINESS DEVELOPMENT CORPORATION, ETC., Y ESTADO LIBRE ASOCIADO DE PUERTO RICO, interventores.

*Número:* O-69-260   *Resuelto:* 18 de junio de 1970

*E. L. Belén Trujillo,* abogado de la peticionaria; *Reichard & Colberg,* abogados de Business Development Corp.; *Gilberto Gierbolini, Procurador General, J. F. Rodríguez Rivera, Procurador General Interino,* y *Américo Serra, Procurador General Auxiliar,* abogados del Estado Libre Asociado.

EL JUEZ ASOCIADO SEÑOR TORRES RIGUAL emitió la opinión del Tribunal.

El presente recurso nos brinda la oportunidad de aclarar el alcance de la Regla 56.1 de Procedimiento Civil con respecto a la facultad del tribunal de instancia para ordenar la retención o la consignación de un cheque expedido por el Secretario de Hacienda a favor de un contratista de obra pública con el propósito de sujetar la disposición de dicho cheque a las resultancias de un litigio en cobro de dinero incoado contra dicho contratista. Expresamente dejamos abierta esta cuestión en *E.L.A.* v. *Tribunal Superior,* 98 D.P.R. 524 (1970).[1]

El tribunal de instancia denegó la orden en aseguramiento de sentencia solicitada por el recurrente para que el Secretario de Hacienda del Estado Libre Asociado entregara al alguacil o retuviera en su poder un cheque por la cantidad de $61,200 expedido a favor de los recurridos, contratistas

---

[1] En el escolio Núm. 2 de la opinión emitida en *E.L.A.* v. *Tribunal Superior, supra,* expresamos:

"No estamos resolviendo que no pueda ordenarse la consignación en el tribunal de instancia de cualquier cheque que el gobierno expida a favor del demandado, quedando la disposición de dicha suma a las resultancias del litigio."

de una obra pública ya *terminada* y *aceptada* por el Departamento de Instrucción Pública. (²) Fundó el tribunal de instancia su negativa en la doctrina que establece que los fondos de un contratista en poder de una agencia pública no pueden ser embargados. Según veremos, la aplicación de dicha doctrina al caso de autos es errónea, por lo que procede revocar la resolución recurrida.

■ Se aducen diversos fundamentos para eximir a las entidades gubernamentales de los procedimientos de embargo y secuestro. El fundamento principal descansa en la norma de política pública de que las actividades gubernamentales no deben estar sujetas a las inconveniencias de estos procedimientos que interfieren con el descargo de funciones públicas en detrimento del bien común. *Portsmouth Gas Co.* v. *Sanford, et al.*, 33 S.E. 516 (Va. 1899); *Wheeler* v. *Walter J. Bryson Co.*, 35 S.W.2d 391 (Tenn. 1931). Véanse, además, Fordham, *Garnishment of Public Corporations*, 39 W. Va. L. Rev. 224; Scott, *The Government As A Garnishee*, 16 Ind. L.J. 545. También se aduce que dichos procedimientos constituyen una "desviación" de fondos públicos, ya que éstos están en *custodia legis* y no pueden distraerse para fines distintos a los que fueron originalmente comprometidos. (³) *E.L.A.* v. *Tribunal Superior*, supra; *Buchanan* v. *Alexander*, 45 U.S. 18, 11 L.Ed. 857 (1864); Scott, *ob. cit.*, supra, 553.

---

(²) De hecho, el tribunal de instancia había autorizado el embargo del cheque pero luego lo dejó sin efecto aplicando incorrectamente nuestra sentencia de 18 de noviembre de 1968 en *Secretario de Hacienda* v. *Tribunal Superior, Sala de Ponce*, O-68-207. Dicho caso se refiere a una situación de hecho distinta relacionada con el embargo de una cuarta parte del sueldo de un empleado público. Revocamos dicha orden de embargo a tenor con la norma imperante en este foro de que los sueldos de un empleado público aún no devengados no están sujetos a embargo. *Padrón Rivera* v. *Cordovés*, 59 D.P.R. 255 (1941); *Blanco* v. *Carballeira*, 41 D.P.R. 533 (1930).

(³) Se ha intentado justificar también la exención a base de que el Estado no puede ser demandado sin su consentimiento. *Buchanan* v. *Alexander*, supra, y que el secuestro es un remedio estatutario y como tal debe ser interpretado estrictamente. Scott, *ob. cit.* a la página 552.

■ Aceptamos la virtualidad de estos fundamentos cuando el Estado es el deudor y se intenta asegurar la efectividad de la sentencia mediante el embargo de fondos públicos. En tal caso, hay otros remedios menos onerosos que pueden ser utilizados por el acreedor del Estado. En *Lamboglia* v. *Junta Escolar*, 15 D.P.R. 318 (1909), mencionamos algunos remedios alternativos como el de aplicar al pago de las sentencias aquellos fondos que se encontraran en la tesorería del Municipio y que no estuvieran presupuestados para otros fines. Expresamos, además, que en caso de no haber fondos disponibles, la entidad gubernamental debía entonces proceder a levantarlos por medio de un impuesto o contribución, de tener dicha facultad; y si los funcionarios concernidos dejaran o se negaran a aplicar tales fondos al pago de la deuda o a imponer la contribución podría recurrirse entonces al procedimiento de *mandamus*. En última instancia cuando la entidad gubernamental no tenga la facultad de imponer contribuciones, el único recurso que tendría el acreedor es el de recurrir a la Asamblea Legislativa.

■ También consideramos válidos estos fundamentos cuando se trata del secuestro de fondos públicos comprometidos en una obra pública para satisfacer créditos de un tercero contra el contratista de dicha obra, no estando la misma terminada. En este caso es lógico anticipar que el contratista utilizará los pagos periódicos para la continuación de la obra, de manera que si los pagos se paralizan o interrumpen por el procedimiento de secuestro se podría poner en riesgo la terminación de la obra en perjuicio del interés superior de la colectividad. Cf. *Crédito y Ahorro Ponceño* v. *Colón*, 36 D.P.R. 341 (1927).

Tales riesgos, sin embargo, no existen cuando las obras han sido terminadas, y menos aun, cuando como en el caso de autos, ha sido aceptada de conformidad por el Departamento de Instrucción.

Cuando la obra ha sido terminada y aceptada de conformidad el concepto de "desviación" es inaplicable. Ello es así, porque una vez la misma ha sido terminada y aceptada, se ha logrado el fin público para el cual los fondos fueron asignados. Además, la consignación de los fondos en la Secretaría del Tribunal es, al fin y al cabo, para beneficio del contratista, bien si éste vence finalmente en juicio—en cuyo caso se le entregarían los fondos secuestrados—o si, por el contrario, es vencido, en cuyo caso dichos fondos serían aplicados al pago de su obligación con el tercero reclamante, quedando así liberado. El Estado en nada se perjudica, pues, al aplicarse los fondos públicos secuestrados al pago de la obligación del contratista con el tercero reclamante, queda también así liberado de su deuda con el contratista. Véase Art. 1112 del Código Civil, 31 L.P.R.A. sec. 3162. [4]

Aun en las jurisdicciones estatales donde se regula estatutariamente el procedimiento de secuestro con bastante rigidez, se ha resuelto que cuando la obra ha sido terminada no hay razón válida para eximir del secuestro los fondos públicos adeudados a un contratista por una agencia gubernamental. *Portsmouth Gas Co.* v. *Sanford et al.*, supra, y *Wheeler* v. *Walter J. Bryson Co.*, supra; *Holston Union Nat. Bank* v. *Knox County*, 165 S.W.2d 382 (Tenn. 1942); *Wharf Improvement Dist. No. 1 of Helena* v. *U.S. Gypsum Co.*, 25 S.W.2d 425 (Ark. 1930).

No podemos pasar por alto que nuestro ordenamiento jurídico establece estos procedimientos con el propósito de asegurar la efectividad de las sentencias y reivindicar así,

---

[4] El Art. 1112 provee:

"Puede hacer el pago cualquiera persona, tenga o no interés en el cumplimiento de la obligación, ya lo conozca y lo apruebe, o ya lo ignore el deudor.

"El que pagare por cuenta de otro podrá reclamar del deudor lo que hubiese pagado, a no haberlo hecho contra su expresa voluntad.

"En este caso sólo podrá repetir del deudor aquello en que le hubiera sido útil el pago."

no sólo la justicia debida a las partes, sino también la dignidad de la función judicial. La facultad conferida por la Regla 56.1 con respecto a estos procedimientos es un claro reconocimiento del interés social en que se provean remedios adecuados para el cobro de deudas y reclamaciones. El interpretar la Regla 56.1 para impedir este remedio cuando la obra ha sido terminada, socavaría injustificadamente el interés social que dicha Regla trata de preservar, interés que resulta ser fundamental en una economía como la nuestra con amplias bases en el crédito personal. No podemos reconocer una categoría de deudores privilegiados que, a fin de cuentas, es lo que resultaría si exceptuáramos de los procedimientos de embargo y secuestro los fondos de un contratista de obra pública terminada y aceptada de conformidad por el Estado.

■ A tono con los anteriores razonamientos, resolvemos que la Regla 56.1 de Procedimiento Civil faculta a los tribunales de instancia a ordenar, como medida provisional en aseguramiento de sentencia, la retención o el envío al tribunal de los fondos públicos comprometidos en la construcción de una obra pública, cuando dicha obra ha sido terminada y aceptada por la agencia gubernamental concernida.

En vista de que el Procurador General, apoyándose en algunas expresiones vertidas en el caso de *E.L.A.* v. *Tribunal Superior*, supra, intenta en su Informe sostener la aplicación al caso de autos de la doctrina de que los fondos de un contratista en poder de una agencia pública no están sujetos a embargo o secuestro, es conveniente aclarar que cualquier expresión en dicho caso que pudiera interpretarse como contraria a lo que aquí resolvemos debe considerarse modificada por la presente opinión.

*Se dejará sin efecto la resolución recurrida y se devolverá el caso para ulteriores procedimientos consistentes con lo aquí expresado.*

El Señor Juez Presidente no intervino.