Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| CRAIG NEIL PROTHERS **RECURRIDA** v. MICHAEL O. TAPIA RODRÍGUEZ Y OTROS **PETICIONARIA** | KLCE202300572 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Rincón Civil núm.: RN2022CV00032 (SALÓN 0002) Sobre: INCUMPLIMIENTO DE CONTRATO, DAÑOS, SENTENCIA DECLARATORIA, COBRO DE DINERO - ORDINARIO |
|---|---|---|

Panel integrado por su presidente, el Juez Figueroa Cabán, la Jueza Grana Martínez y el Juez Rodríguez Flores.

Grana Martínez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de junio de 2023.

El 18 de mayo de 2023 compareció ante este tribunal el señor Michael O. Tapia mediante recurso de *certiorari*. En este nos solicita que revoquemos la Orden emitida por el Tribunal de Primera Instancia el 17 de abril de 2023. En la antedicha Orden, el foro primario impuso ciertos remedios provisionales al peticionario con los cuales está en desacuerdo. Los hechos pertinentes para comprender nuestra decisión son los siguientes.

**I**

El señor Craig Neil Prothers y su esposa Michelle Prothers presentaron una reclamación en contra de Michel O. Tapia, en adelante el peticionario o señor Tapia. En esta reclamaron el incumplimiento de cierto contrato entre las partes, los daños productos del alegado incumplimiento contractual, cobro de dinero y solicitaron una sentencia declaratoria. En lo pertinente a nuestro escrito, los Prothers o recurridos alegaron en su escrito que ambas

Número Identificador

SEN2023_____

partes eran accionistas, cada uno con un 50% de la Corporación Rincón Club Náutico LLC, entidad inscrita en el Registro de Corporaciones el 14 de enero de 2019. Alegaron en la demanda que, el 28 de febrero de 2020, Rincón Club Náutico LLC había adquirido una propiedad inmueble en Rincón. En relación con dicha propiedad, ambas partes habían suscrito un Acuerdo de Accionistas (el contrato), para la administración, uso, disfrute y explotación comercial sobre la propiedad de la cual ambas partes eran socios en partes iguales. Sostuvieron que en el contrato se ratificaron los acuerdos previos entre las partes tales como, entre otros: que el primer piso de la propiedad sería dividido en partes iguales entre las partes; el segundo piso le correspondería a Prothers; el tercer piso le correspondería a Tapia; el vuelo del área de restaurante podría ser utilizada por Tapia para colocar mesas para el propio negocio; un ingeniero acordado por las partes evaluaría la propiedad para auscultar la posibilidad de edificar sobre el restaurante y las mejoras a efectuarse en el edificio; la exclusividad del negocio de comida y bebida (restaurante) sería para Tapia.

Así las cosas, los Prothers afirmaron que Tapia había incumplido el contrato adjudicándose derechos y el uso de porciones de la propiedad que no le correspondían. Específicamente, Prothers aludió en su demanda, que Tapia se había apoderado del segundo piso en contravención a los acuerdos entre las partes; que había cerrado el acceso al apartamento en el segundo piso y el área de *laundry* donde se encuentran los contadores de energía eléctrica. Particularmente Prothers reclamó que Tapia se enriquecía injustamente de él, pues había gestionado, a su costo, la instalación de cuatro contadores de agua para la propiedad con la intención de que cada socio o inquilino pudiese tener una cuenta de agua particular del agua que consumía. Sin embargo, señaló que Tapia se negaba a conectarse a uno de esos contadores, mientras operaba

un restaurante, enfatizando en el uso de agua en ese tipo de negocio, mientras estaba conectado a la cuenta de agua a nombre de su hija, sin aportar el costo de los servicios. Así Prothers indicó que tuvo que pagar una factura de agua ascendente a $5,302.58 para impedir que le cortaran el agua a la propiedad y que de dicho costo entendía que Tapia era responsable del 70%.

Explicó que intentó solucionar mediante el diálogo sin éxito, razón por la cual se vio precisado a presentar la Demanda. En específico solicitó que el foro primario emitiera una sentencia declaratoria declarando el contrato suscrito como uno valido y vinculante entre las partes. Como remedio solicitó al tribunal; (1) ordenar a Tapia a abandonar el apartamento en el segundo piso y devolverlo a su estado original, (2) ordenar a Tapia a restaurar los accesos de toda área común, incluyendo el *laundry* y los contadores eléctricos de la propiedad, (3) el pago de $3,711.80 por concepto de servicio de la Autoridad de Acueductos y Alcantarillado, (4) se emitiese una orden a Tapia para que conectara su negocio de restaurante a su propio contador y bajo su cuenta, (5) el resarcimiento de daños por los ingresos dejados de devengar por el alquiler de los apartamentos del segundo piso que había ocupado Tapia.[1]

Por su parte, Tapia contestó la Demanda y presentó reconvención en la que mayormente negó las alegaciones en su contra según redactadas y afirmó que la totalidad de los acuerdos entre las partes se encontraban en el Contrato. Particularmente en su escrito señaló que había sido Prothers quien había incumplido sus obligaciones contractuales, específicamente; (a) no había cumplido con la obligación de que la exclusividad de la comida y bebida en la propiedad fuera exclusivamente de Tapia; (b) provocó

---

[1] Véase, Demanda, págs. 1 a 8 del apéndice.

un pleito judicial con un colindante, (c) había efectuado gestiones ante agencias de gobierno y creado una entidad sin autoridad legal, (d) apropiación de las concesiones de agua y luz de la propiedad, (e) limitado el uso de la propiedad que le corresponde a Tapia, (f) el uso indiscriminado de los espacios de estacionamiento, entre otros.[2]

Posteriormente, el 26 de enero de 2023, Tapia presentó una *Moción urgente en solicitud de remedios provisionales al amparo de la Regla 56 de Procedimiento Civil,* en la cual, y en lo pertinente, señaló que Prothers de manera unilateral y sin aviso, suspendió el servicio de agua del inmueble, paralizando la operación del negocio de su restaurante y había amenazado con suspender el servicio de electricidad. Además, seguía construyendo en la propiedad en perjuicio de los intereses de ambas partes y llevaba a cabo actos dirigidos a enajenar a un colindante de su propiedad. Por la gravedad de estas situaciones peticionó los siguientes remedios provisionales: se ordenara a Prothers a: abstenerse de suspender los servicios de agua y luz en el inmueble; continuar cometiendo actos de enajenación en el inmueble; cesar de hacer gestiones unilaterales ante agencias de gobierno y el cese de cualquier actividad de construcción o alteración del inmueble.[3]

Trabada la controversia sobre la solicitud de remedios provisionales al amparo de la Regla 56 de Procedimiento Civil, 32 LPRA Ap. V, el foro primario celebró el 27 de enero del año en curso Conferencia Inicial de los procesos. A raíz de la argumentación de los abogados de las partes, el TPI efectuó varias determinaciones, en particular, entendió que no habría más suspensiones de utilidades en el inmueble hasta la conclusión del pleito. Tampoco se permitirían construcciones adicionales. Muy particularmente, el

---

[2] Véase, *Contestación a Demanda y Reconvención*, págs. 34 a 41 del apéndice.
[3] Véase. *Moción Urgente en Solicitud de Remedios Provisionales al amparo de la Regla 56 de Procedimiento Civil,* págs. 42-46 del Apéndice.

foro primario en dicha vista ordenó a Tapia a hacer las gestiones para tener una toma de agua en su negocio. El foro le solicitó a las partes que expusieran por escrito los remedios provisionales peticionados. Finalmente señaló Vista Evidenciaria sobre los remedios peticionados para el 17 de febrero de 2023.[4]

El 7 de febrero, Prothers presentó su escrito en el cual delimitó los remedios provisionales solicitados a lo siguiente:

a) Desalojar, devolver al estado original y entregar a Prothers el apartamiento localizado en el segundo piso del edificio el cual fue ilegalmente apropiado por Tapia, y el cual ha continuado utilizando en violación del contrato.

b) Restaurar y dejar libre de obstáculos los accesos a toda área común del edificio incluyendo las escaleras.

c) Conectar su negocio de restaurante a sus propios contadores de agua y electricidad, bajo sus propias cuentas y que cese de utilizar las utilidades de agua y luz de Prothers.

d) Reembolsar a Prothers al menos 50% de las facturas de agua que Prothers ha pagado de la cual Tapia ha consumido para explotar su negocio de restaurante.

e) Que se ordene al demandado Tapia a consignar en la secretaría de este Honorable Tribunal la cuantía de $5,000 para asegurar la efectividad de la sentencia en lo que se refiere al consumo de agua y luz.

f) Que Tapia cese y desista de lanzar amenazas, insultos e improperios a las personas que visitan la propiedad de los Prothers.

g) Que Tapia cese y desista de reclamar y hostigar a las personas que visitan la propiedad de los Prothers por el uso de un estacionamiento que no le pertenece a Tapia.

h) Cualquier otro remedio que a tenor con las circunstancias del caso y el derecho aplicable tienda a garantizar la efectividad de la sentencia que en su día pueda dictarse en este caso.[5]

Por su parte, Tapia presentó una *Moción de Desestimación* por *falta de parte indispensable* al no haberse incluido como parte la

---

[4] Véase, Minuta de 27 de enero de 2023, págs. 47-48 del Apéndice.
[5] *Moción en Cumplimiento de Orden y en Solicitud de Remedios Provisionales bajo la Regla 56 de Procedimiento Civil*, págs. 49 a 52 del Apéndice.

corporación Rincón Club Náutico LLC, siendo esta dueña de la propiedad en controversia.[6]

Así las cosas, llegada la fecha de la vista señalada, el 17 de febrero, el representante legal de Tapia excusó su incumplimiento en cuanto a los remedios provisionales, aduciendo que la muerte de un familiar le había impedido cumplir con el término señalado desde el 27 de enero. El foro primario señaló vista para el 1 de marzo.

El 27 de febrero de 2023, Tapia mediante *Moción en cumplimiento de orden* delimitó los remedios provisionales solicitados a lo siguiente:

a) Determine que aun cuando del Acuerdo de Accionistas objeto de las controversias surge que el uso y disfrute de las unidades existentes del segundo nivel del inmueble propiedad de Club Náutico Rincón, LLC, pertenecen a la parte demandante, la Parte Demandante entregó la posesión de una de las unidades de apartamento voluntariamente hasta tanto se cumplieran varias condiciones, y que dichas condiciones no han sido cumplidas, por lo cual de la Parte Demandada tiene derecho a mantener la posesión durante la pendencia de los procedimientos, y en su consecuencia dicte ordena la Parte Demandante para que permita el uso y disfrute pacífico de dicho inmueble durante la pendencia de los procedimientos;

b) Determine que con el Acuerdo de Accionistas las partes convinieron la contratación de un ingeniero para que evalúe la posibilidad de edificar sobre el área de restaurante y las mejoras a ser realizadas en el edificio, y en su consecuencia, dicte orden provisional a las partes para que contraten a dicho profesional en conjunto, y que sus servicios sean pagados en partes iguales durante la pendencia de los procedimientos;

c) Determine que con el Acuerdo de Accionistas las partes convinieron que la exclusividad de bebida y comida le pertenece a la Parte Demandada, y en su consecuencia, ordene a la Parte Demandante a cesar y desistir de cualquier actividad en conflicto con dicha clara disposición durante la pendencia de los procedimientos;

d) Determine que el propósito de las partes al suscribir el Acuerdo de Accionistas era dividir el inmueble en partes iguales, incluyendo facilidades accesorias, tales como los servicios de agua y luz en su

---

[6] Véase, *Moción de Desestimación por falta de parte indispensable*, págs. 53 a 56 del Apéndice.

consecuencia, ordene la división de los servicios existentes de agua y luz en partes iguales;

e) Determine que el propósito de las partes al suscribir el Acuerdo de Accionistas era que cada parte pagara por servicios de agua y luz en su consecuencia, ordene (i) la entrega de las facturas de utilidades y (ii) el pago a prorrata de los servicios conjuntos existentes de agua y luz durante la pendencia de los procedimientos;

f) Determine que el propósito de las partes al suscribir el Acuerdo de Accionistas era dividir el inmueble en partes iguales, incluyendo facilidades accesorias, tales como los espacios de estacionamientos, en su consecuencia ordene que dichos espacios de estacionamiento sean utilizados en partes iguales durante la pendencia de los procedimientos;

g) Ordene la entrega de todos documentos relacionados con la operación de la entidad Rincón Club Náutico, LLC, incluyendo, pero sin limitarse a, estados financieros; cuenta(s) de banco, y/o cualquier documento relacionado con la operación de dicha entidad jurídica.

Además, informó al TPI que el 16 de febrero había solicitado una acometida comercial a la AAA para un contador existente.[7]

Delimitados los remedios provisionales solicitados, celebrada Vista Evidenciaria, el 13 de marzo, el TPI emitió Resolución mediante la cual concedió los siguientes remedios:

a) Se ordena al demandado Tapia a desalojar y devolver a su estado original, el apartamiento que ha venido ocupando en el segundo piso y a hacer entrega del mismo al demandante Prothers. Cuenta el demandado con 30 días, contados desde la notificación de la presente, para cumplir con lo ordenado, so pena de sanciones.

b) El demandado Tapia debe remover la barrera localizada en el pasillo del segundo piso y proveer a Prothers copias de las llaves de acceso a las escaleras que llevan al segundo piso, el cual está asignado en su totalidad a Prothers, según el contrato.

c) Cuenta el demandado con 30 días para conectar su negocio de restaurante a sus propios contadores de agua y luz.

d) Se ordena al demandante Prothers a hacer entrega a Tapia de los recibos de pagos hechos a la AAA. Cuenta el demandado con 10 días para reembolsar a Prothers el 50% de los pagos realizados, contados desde el recibo de los documentos que acreditan el pago.

---

[7] Véase, *Moción en Cumplimiento de Orden,* págs. 58 a 60 del Apéndice.

e)      Se ordena al demandado Tapia a desalojar el apartamento que ocupa en el segundo piso y hacer entrega del mismo al demandante Prothers, sin obstaculizar los accesos. Cuenta el demandado con 30 días, contados desde la notificación de la presente Orden, para cumplir con lo ordenado, so pena de sanciones.

f)      Se ordena a ambas partes el estricto cumplimiento con los términos del contrato. Se ordena a las partes demandante cesar y desistir de toda y cualquier actividad en conflicto con la cláusula que estipula la exclusividad del negocio de comida y bebida a favor del demandado Tapia.

g)      El contrato estipulado no contiene disposición específica sobre el uso del estacionamiento, por lo que los espacios de estacionamiento deberán ser utilizados y disfrutados igualmente por ambas partes.

h)      Se ordena a ambas partes la entrega recíproca de toda documentación existente y en poder de las partes relacionada a la operación de Rincón Club Náutico, LLC.

Inconforme con dichas determinaciones, Tapia presentó *Solitud de reconsideración.* En esta señaló que se le permitiera devolver el apartamento del segundo piso con las mejoras que había efectuado en la propiedad, toda vez que la orden fue devolverlo en su estado original, lo que implicaba desmejorar el mismo, perdiendo su utilidad inmediata. Además, en cuanto a la orden de remover la barrera localizada en el pasillo del segundo piso y proveer a Prothers copias de las llaves de acceso a las escaleras que llevan al segundo piso pidió que, toda vez que Prothers tenía acceso independiente al área del segundo piso, se reconsiderara el acceso según ordenado, ya que implicaba el acceso al área de circulación de la cocina del restaurante en operación, lo que a su vez podría incidir sobre la concesión emitida por el Departamento de Salud. Por último, en cuanto al mandato de conectar su negocio de restaurante a sus propios contadores de agua y electricidad, bajo sus propias cuentas y que cese de utilizar las utilidades de agua y luz de Prothers solicitó reconsideración. Alegó que la conexión no estaba en sus manos, dependía de un tercero, AAA. Y esta última, el 27 de febrero de 2023,

le había requerido una serie de documentos que estaba compilando para ser sometidos. Cabe resaltar que, desde el 27 de enero de 2023, el TPI había ordenado a Tapia hacer la conexión de su restaurante a un contador de la AAA. Recibida la oposición de Prothers, el TPI finalmente, el 17 de abril, emitió una Orden mediante la cual acogió la solicitud para que se devolviera el apartamento en las condiciones que se encontraba. No obstante, aclaró el foro que Tapia debía remover la barrera colocada en el pasillo del segundo piso. La solicitud de acceso para Prothers mediante vía alterna la declaró no ha lugar. Finalmente, en cuanto a la conexión al servicio de AAA, el foro reconoció que dependía de un tercero, pero enfatizó que debía ocurrir "sin demoras ni retrasos. No debe ser la fecha más viable, sino la más próxima."

Inconforme con los remedios provisionales finalmente concedidos por el foro primario presentó el recurso que nos ocupa en el cual presentó dos señalamientos de error, estos son:

> PRIMER ERROR: ERRÓ EL TPI AL RECONSIDERAR RESOLUCIÓN DICTADA EL 18 DE ABRIL DE 2023 DONDE EMITIÓ ÓRDENES CONTRARIAS A LA INTENCIÓN DE LAS PARTES EN ACUERDOS ALCANZADOS.

> SEGUNDO ERROR: ERRÓ EL TPI, AL CONCEDER UN REMEDIO QUE NO TOMA EN CONSIDERACIÓN LOS INTERESES DE TODAS LAS PARTES SEGÚN REQUERIDO POR LAS CIRCUNSTANCIAS DEL CASO DE CONFORMIDAD CON LA REGLA 56 DE LAS DE PROCEDIMIENTO CIVIL, 32 LPRA AP. V.

En apoyo a los errores señalados afirma que el TPI no tomó en consideración la totalidad de la prueba testifical y documental desfilada, en particular, la intensión de las partes de dividir el uso del inmueble de manera tal que el uso y disfrute de una parte no infringiera el derecho de uso y disfrute de la otra parte. Para Tapia el TPI erró, ya que luego de considerada la totalidad de la prueba testifical y documental desfilada emitió una Orden que no tomó en consideración los intereses de las partes, según lo requiere la

justicia sustancial y las circunstancias del caso conforme la Regla 56 de las de Procedimiento Civil, *supra*. Arguye que el foro primario no tomó en consideración todos los criterios, a saber: que fuesen provisionales, que tuviesen el propósito de asegurar la efectividad de la sentencia que en su día se dictara y que tomara consideración los intereses de todas las partes, según lo requiera la justicia sustancial y las circunstancias del caso. Sin más fundamentos sometió su recurso ante este tribunal.

El 23 de mayo, Tapia solicitó la presentación de la transcripción de la prueba oral y que se elevara el expediente del TPI. Concedimos un término de aproximadamente 40 días para presentar la transcripción y 30 días adicionales para la presentación de alegato suplementario, si alguno. Por su parte, Prothers compareció y señaló que la decisión del foro recurrido había sido una que catalogó como sumamente sobria, prudente y razonada y que contenía unas disposiciones que favorecían a Tapia y otras a él. Advirtió que toda la prueba presentada durante la Vista Evidenciaria había sido presentado únicamente por él, presentado solamente Tapia su testimonio.

Como primer punto, argumentó que este tribunal solo ostenta jurisdicción para revisar los tres remedios que fueron objeto de la reconsideración presentada por Tapia. Específicamente las condiciones en que se devolvería el apartamento en el segundo piso; la remoción de la barrera localizada en el pasillo del segundo piso y la entrega de las llaves de acceso a las escaleras que llevan al segundo piso, así como el mandato de conectar el restaurante a sus propios contadores de agua y electricidad. Sobre la entrega del apartamento en las condiciones existentes, Prothers dijo haberse allanado. Las escaleras, arguyó que lo que Tapia pretendía era seguir impidiendo el acceso al segundo piso por estas y por los pasillos que constituyen áreas comunes del inmueble. Sostuvo que

presentó fotografías ante el TPI de la entrada a las escaleras que conducen al segundo piso con una reja cerrada con llave, cuando el segundo piso conforme al contrato, le corresponde a Prothers en su totalidad. También sostuvo que, conforme acordado por las partes, tanto las escaleras como los pasillos del edificio constituían áreas comunes a las cuales ambas partes tenían derecho a tener igual acceso. Sobre el acceso a la cocina, Prothers indicó que para subir por las escaleras al segundo piso no hay que entrar a la cocina, ni tocar la puerta. Afirma que proveyó fotografías que demuestran que el acceso a las escaleras no tiene nada que ver, ni requiere acceso a la cocina del restaurante. Finalmente, y en cuanto a la conexión de las utilidades, asevera que Tapia no ha sido claro cuando ocultó que, durante abril, en dos ocasiones, personal de la AAA estuvo disponible para acudir a la propiedad a efectuar la conexión, pero Tapia no estuvo disponible. Sostiene que el recurso de certiorari presentado por Tapia no es más que un último intento de seguir posponiendo y evadiendo el cumplimiento con lo ordenado por el TPI e igualmente evadiendo el cumplimiento de sus obligaciones bajo el contrato.

Posteriormente y ante nuestra orden concediendo un término al peticionario para presentar la transcripción de la prueba oral, Prothers presentó una *Breve y Urgente Solicitud de Reconsideración*. En la mismo, nos invita a reflexionar sobre la necesidad de trascribir la totalidad de la prueba, cuando la única controversia se circunscribe a la entrega de las llaves de la escalera al segundo piso.

Tomando en consideración que estamos ante una impugnación de ciertos remedios provisionales de carácter inmediato, acogimos parcialmente su petitorio y ordenamos que se nos remitiera la regrabación de los procedimientos. De esta manera, podremos evaluar y disponer de las controversias con celeridad.

**II**

**A.**

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. 32 LPRA sec. 3491; *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); *IG Builders v. BBVAPR*, 185 DPR 307, 337 (2012); *García v. Padró*, 165 DPR 324, 334 (2005). La discreción judicial es la autoridad para elegir entre diversas opciones sin enajenarnos del derecho. Los tribunales deben ejercer su discreción de forma razonable al momento de pasar juicio sobre una controversia, para así poder llegar a una condición justiciera. *IG Builders v. BBVAPR*, supra, pág. 338; *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *García v. Padró*, supra, págs. 334–335.

Por otro lado, la autoridad del Tribunal de Apelaciones para expedir un recurso de certiorari está limitada por la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, que dispone lo siguiente:

> el recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales. 32 LPRA Ap. V.

Superado los criterios esbozados en la regla antes reseñada, venimos obligados a considerar una segunda revisión al amparo de la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B. La Regla 40 dispone:

El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Puntualizamos que, no se favorece la revisión de asuntos interlocutorios en ausencia de los criterios antes mencionados. *800 Ponce de León Corp. v. American International Insurance Company of Puerto Rico*, 205 DPR 163, 175-176 (2020*); IG Builders et al. v. BBVAPR,* supra, pág. 338. Esto por representar un inconveniente para el desenvolvimiento lógico y funcional del proceso que se permita recurrir de las diversas resoluciones que recaen en los diversos actos procesales que finalmente han de culminar en una sentencia final, pues se interrumpe la marcha ordenada del proceso litigioso. *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 730 (2016).

Se ha resuelto que, el denegar la expedición de un auto de certiorari, no constituye una adjudicación en los méritos, sino que "es corolario del ejercicio de la facultad discrecional del foro apelativo intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia. *Torres Martínez v. Torres Ghigliotty*, supra, pág. 98.

**B.**

La Regla 56 de Procedimiento Civil, 32 LPRA Ap. V, sobre remedios provisionales permite a los tribunales conceder remedios temporeros en todo pleito para "asegurar la efectividad de las sentencias y reivindicar ... no s[ó]lo la justicia debida a las partes, sino también la dignidad de la función judicial". *Román v. S.L.G. Ruiz*, 160 DPR 116, 120 (2003), citando a *Stump Corp. v. Tribunal Superior*, 99 DPR 179, 183–84 (1970). "Su única limitación es que la medida sea razonable y adecuada al propósito esencial de la misma, que es garantizar la efectividad de la sentencia que en su día pudiera dictarse." *F.D. Rich Co. v. Tribunal Superior*, 99 DPR 158, 176 (1970); *Asoc. Vec. V. Caparra v. Asoc. Fom. Educ.*, 173 DPR 304, 315 (2008). La misma es extensiva a cualquier pleito, sin importar el tipo de obligación que se reclame. *Asoc. Vec. V. Caparra v. Asoc. Fom. Educ.*, supra, pág. 316; *Suárez Martínez v. Tribunal Superior*, 85 DPR 544, 550 (1962). La Regla 56 vislumbra la concesión de un injunction preliminar que pretende mantener el *status quo*, mientras se dilucida el pleito en los méritos. *Asoc. Vec. V. Caparra v. Asoc. Fom. Educ.*, supra, pág. 322. Al adjudicar una solicitud de remedios provisionales, cuyo efecto será el de un injunction preliminar, los tribunales deben tomar en cuenta la naturaleza de los daños que pueden ocasionárseles a las partes; la probabilidad de que la parte promovente prevalezca en los méritos; la probabilidad de que la causa se torne académica y el posible impacto sobre el interés público, el tiempo que tardó el peticionario en presentar su reclamo

y el efecto del tiempo en los intereses de las partes, según la justicia sustancial. Como norma general, en todo caso en el cual se solicite algún remedio provisional se deberá notificar a la parte adversa y celebrar una vista previa. *Rivera Rodríguez & Co. v. Stowell Taylor*, 133 DPR 881, 896 (1993).

Como la concesión de remedios provisionales tiene características de un injunction preliminar se puede convertir en una limitación provisional del derecho de la parte afectada por la orden a la libre disposición de sus bienes. *Freeman v. Tribunal Superior*, 92 DPR 1, 25 (1965). El tribunal, por lo tanto, debe garantizar al reclamante, pero no oprimir al demandado o causarle innecesarias dificultades. *Íd*. Debemos recordar que el remedio provisional de injunction preliminar pretende evitar daños adicionales, mientras el tribunal evalúa el caso en los méritos. Además, permite al tribunal preservar la efectividad de su dictamen judicial final y asegura que el remedio final sea eficaz.

Como consecuencia, en un pleito como el que nos ocupa, el tribunal debe prevenir aquel tipo de daño que no se puede remediar en una etapa posterior del litigio. *Asoc. Vec. V. Caparra v. Asoc. Fom. Educ.*, supra, pág. 325. Al respecto, debemos puntualizar que el propósito de una vista de remedio provisional es atender un incidente dentro de un pleito, conforme a los intereses de las partes y a los hechos del caso. Como corolario de ello, al celebrar la vista, le corresponde al tribunal hacer un balance entre los intereses del peticionario y el daño que una orden de injunction preliminar puede causarle a la parte que la sufre. En esta tarea, el tribunal posee discreción para limitar el tipo de evidencia que se admitirá en la vista, siempre que le provea a las partes una oportunidad justa y adecuada de presentar prueba y argumentar.

En todo pleito antes o después de sentencia, por moción de la parte reclamante, el tribunal podrá dictar cualquier orden

provisional que sea necesaria para asegurar la efectividad de la sentencia. El tribunal podrá conceder el embargo, el embargo de fondos en posesión de un tercero, la prohibición de enajenar, la reclamación y entrega de bienes muebles, la sindicatura, una orden para hacer o desistir de hacer cualesquiera actos específicos, o podrá ordenar cualquier otra medida que estime apropiada, según las circunstancias del caso. En todo caso en que se solicite un remedio provisional, el tribunal considerará los intereses de todas las partes y dispondrá, según requiera la justicia sustancial. 32 LPRA Ap. V., R. 56.

El tribunal podrá compeler el cumplimiento de una orden dictada bajo esta Regla 56 mediante su poder de desacato civil. 32 LPRA Ap. V, R. 56.8.

**III**

Hemos examinado el expediente detalladamente y escuchado la regrabación de la vista evidenciaria celebrada el 27 de febrero. No se nos ha señalado en el recurso, más allá de unas alegaciones de derecho, carentes de hechos que las apoyen, que nos den algún margen a pensar que el juez de instancia no consideró sosegadamente los intereses de todas las partes y dispuso conforme requiere la justicia sustancial. Todo lo contrario, el foro fue prudente, sereno, aquilató prueba, concedió prórrogas y oportunidades para resolver las controversias entre las partes sin éxito. Por tal razón, concedió remedios provisionales a favor de ambas partes, según las circunstancias específicas.

Los abogados, en ocasiones, pierden de perspectiva que los casos de sus clientes no les pertenecen y que su función ha de ser, ante todo, una de funcionario del tribunal promoviendo las causas de buena fe y diligentemente. Después de todo, la dignidad y la conciencia de promover causas justas ha de ir sobre toda consideración ulterior. Como conocedores del derecho tienen la

preparación y el deber ético de subsanar controversias entre partes antagónicas.

No hay un ápice de ilegalidad, error o parcialidad que nos provoque que este tribunal revoque las muy bien pensadas determinaciones provisionales tomadas por el foro recurrido, en ausencia de acuerdo entre las partes. Estas se tomaron, luego de celebrar una vista evidenciaria, en donde el tribunal aquilató el testimonio de las partes, sus testigos y recibió prueba documental, por lo que tomó su determinación considerando los intereses de todos y dispuso remedios justos, algunos favorables para el peticionario y otros para el recurrido, pero todos en consideración a la prueba recibida y los elementos de la Regla 56, *supra.*

**IV**

Por lo antes expuesto, se expide el auto y se confirma la resolución recurrida en todos sus aspectos.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

**Notifíquese inmediatamente.**

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones